The **PEOPLE** of the State of Colorado, Complainant,

v.

Ernesto B. **BACA**, Respondent.

Nos. 83SA178, 83SA215.

Supreme Court of Colorado, En Banc.

Aug. 20, 1984.

George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance for respondent.

DUBOFSKY, Justice.

In two separate disciplinary proceedings, the Supreme Court Grievance Committee recommended that the respondent, Ernesto B. Baca, who was admitted to the practice of law in Colorado on October 17, 1977, be suspended from the practice of law for one year and one day, that he be assessed costs in this matter, and that he be ordered to make restitution to two of the complainants. The Grievance Committee also recommended that the respondent be allowed to petition for reinstatement under C.R. C.P. 241.22(c) prior to the expiration of the suspension period if he proves by clear and

convincing evidence that he has been rehabilitated. We approve the recommendations, with the exception of the provision allowing reinstatement prior to the expiration of the suspension period, and order that the respondent be suspended for one year and one day.

The respondent failed to file an answer to the complaints which are the subject of these grievances, and he did not appear at the hearings. Therefore, the allegations in the formal complaints against him were deemed admitted. In both proceedings, the respondent was given notice of the charges as provided in C.R.C.P. 241.25(b).

Supreme Court Case No. 83SA178 involved two complaints that the respondent neglected legal matters entrusted to him. In the first, a client sought respondent's representation in a personal injury auto accident claim. Respondent had the client sign a contingency fee agreement, but the client never heard from the respondent again despite the client's repeated efforts to locate him. In the second, the client paid the respondent $100 to file an F.E.D. action. The respondent filed the action, but without his client's consent or awareness, stipulated to the fact that his client had not sent the 30-day damage deposit notice to her tenants when, in fact, the client had sent the notice but the tenants had not accepted it. Thereafter, the client could not locate the respondent despite repeated efforts to do so.

The respondent's conduct violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility) and (7) (failure to respond to a request by the Committee), and DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(2) (failure to carry out employment contract with client), and DR 7–102(A)(5) (knowingly making a false statement of fact).

In Supreme Court Case No. 83SA215, the complaining client retained the respondent to represent her in a dissolution of marriage action. The respondent and his client agreed upon a flat fee of $350, and the respondent filed the dissolution petition and a motion for temporary orders and custody of the client's minor child. After the parties had stipulated to several custody matters and the respondent signed the stipulations, the respondent failed to further contact his client. The client attempted to hire another attorney, but neither the second attorney nor the client could locate the respondent to obtain his withdrawal from representation. Approximately a year after the dissolution action was filed, the respondent instructed the client to meet him in court for a hearing. However, when the client met the respondent at the courthouse, she discovered that the hearing had been cancelled. The respondent did not explain the reason for the cancellation and gave the client, as an address at which he could be reached in the future, his mother's address in Santa Fe, New Mexico.

The client wrote the respondent at that address to discharge him and request the return of her file. When the respondent did not return the file promptly, the client wrote to the New Mexico Bar Association, and her letter was appended to the respondent's application for admission to the New Mexico bar. The respondent then mailed the client's file to her second attorney. The respondent did not reply to his client's request that he return one-half of the fee she had paid him.

The respondent's conduct violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility), and DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(2) (failure to carry out an employment contract with a client), and DR 9–102(B)(4) (prompt payment or delivery to the client of requested funds or other properties in lawyer's possession which client entitled to receive). In addition, the respondent's conduct violated C.R.C.P. 241.6(7) (failure to respond to committee's request).

The hearing board in each of the proceedings noted that the acts complained of would not ordinarily justify a recommendation of suspension from practice and that

the respondent had received no prior discipline; however, because the respondent made no effort to remedy the wrongs to his client or to cooperate with the Committee, the hearing boards recommended that the respondent be suspended for a year and a day. Both boards' recommendations would allow for the respondent to present mitigating circumstances and apply for reinstatement prior to the expiration of one year and one day under C.R.C.P. 241.22(c).

Because we believe that the respondent's failure to adequately represent his clients in these cases and his failure to cooperate with the Grievance Committee reflect a continued pattern of neglect and misrepresentation, we disapprove the Committee's recommendation that the respondent be allowed to reapply for admission under C.R.C.P. 241.22(c) prior to the expiration of the year and a day suspension. Otherwise, we approve the Committee's recommendations.

Accordingly, it is ordered that the respondent be suspended from the practice of law for one year and one day. The respondent is ordered to pay costs of $420.41 in Supreme Court Case No. 83SA178 and $648.80 in Supreme Court Case No. 83SA215. The costs should be paid within six months from the date of the announcement of this opinion to the Supreme Court Grievance Committee. The respondent is also ordered to make restitution of $100 to the client in the F.E.D. action and restitution of $350 to the client in the dissolution of marriage action within six months from the date of the announcement of this opinion. The respondent's reinstatement is conditioned upon full compliance with C.R.C.P. 241.22(c) and full payment of costs and restitution.